UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 23-197 |
| MICHAEL HOWARD, SR. | SECTION R |

**ORDER & REASONS**

Before the Court is defendant Michael Howard, Sr.'s motion for early termination of probation.[1] The Government opposes the motion.[2] For the following reasons, the Court denies the motion.

## I. BACKGROUND

On December 4, 2024, Howard pled guilty to one count of theft of government funds. This Court sentenced Howard to three years of probation.[3] His term of supervision commenced on April 30, 2025.

In his motion, Howard asks the Court to terminate his probation on the grounds that he has satisfactorily complied with all its conditions.[4] The Court considers the motion below.

---

1 R. Doc. 52.
2 R. Doc. 54.
3 R. Doc. 50.
4 R. Doc. 512 at 4.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3564(c),

> [t]he court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation ordered and discharge the defendant . . . at any time after the expiration of one year of probation, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

The 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need to afford adequate deterrence to criminal conduct; the need to protect the public from future criminal conduct by the defendant; and the need to provide the defendant with training and other correctional treatment. 18 U.S.C. § 3553(a).

## III. DISCUSSION

Howard has demonstrated compliance with the conditions of his probation, but such compliance, without more, is insufficient to justify an early termination of probation. Moreover, Howard has paid only slightly more than $2,000 of the $28,123 he is ordered to pay in restitution.[5]

---

5 *See* R. Doc. 54 at 1; R. Doc. 50.

Considering the 3553(a) factors, Howard's conduct, and the interests of justice, the Court finds that an early termination of probation is unwarranted. The Court finds that probation remains appropriately imposed and provides the best structure for monitoring Howard's continued compliance with his restitution obligations.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Howard's motion for early termination of probation.

New Orleans, Louisiana, this 13th day of October, 2026.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE